UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER NICHOLSON BEY, #462661,

        Plaintiff,

v.                                      CASE NO. 2:19-CV-10871
                                      HONORABLE VICTORIA A. ROBERTS

SHARON OLIVER, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

**I.    Introduction**

Michigan prisoner Christopher Nicholson Bey ("Plaintiff") filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 alleging that he was not given proper medical care for gallstones and gallbladder pain while confined at the Saginaw Correctional Facility in Freeland, Michigan from May, 2016 through June, 2017. He asserts violations of his right to be free from cruel and unusual punishment (deliberate indifference to his medical needs) and his right to equal protection of the law.

Plaintiff names Dr. Sharon Oliver, an unknown Utilization Management Medical Director, and Physician Assistant Joshua Buskirk as defendants; he sues them in their personal and official capacities. Plaintiff seeks compensatory and punitive damages, and any other appropriate relief. The Court granted Plaintiff leave to proceed without prepayment of the filing fee for this action. 28 U.S.C. § 1915(a)(1). After review of the Complaint, the Court dismisses it in part for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity.

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With the foregoing standards in mind, the Court finds that Plaintiff's Complaint is subject to summary dismissal in part.

First, Plaintiff fails to allege sufficient facts to state an equal protection claim. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff makes no such factual allegations in his pleadings. Prisoners are not members of a protected class for equal protection purposes, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and Plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated.

Conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state an equal protection claim; this claim is dismissed.

Second, Plaintiff's Complaint must also be dismissed in part on the basis of immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are employees of the Michigan Department of Corrections and are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *Johnson*, 357 F.3d at 545. Plaintiff's claim for monetary damages against the defendants in their official capacities must be dismissed.

Finally, the Court finds that Plaintiff's claim against the defendants alleging the lack of proper medical care for his gallstones and gallbladder pain (deliberate indifference to his medical needs) is not subject to summary dismissal. While Plaintiff may or may not ultimately prevail, he pleads sufficient facts to state a potential claim for relief.

### III. Conclusion

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the alleged violation of his right to equal protection of the law. The Court **DISMISSES** his equal protection claim. Because defendants are entitled to Eleventh Amendment immunity, the Court **DISMISSES** the monetary damages claim against them in their official capacities.

Plaintiff's claim concerning the alleged lack of proper medical care for his gallstones and gallbladder pain (deliberate indifference to his medical needs) survives the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and is not subject to summary dismissal.

An appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: April 12, 2019